```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
 2

 3    _____

 4    UNITED STATES OF AMERICA,

 5                         Plaintiff,        Criminal Action
                                             No. 12-10025-DJC
 6    V.
                                             May 10, 2013
 7    RONALD E. BROWN,

 8                         Defendant.
      _____
 9

10

11                   TRANSCRIPT OF JURY INSTRUCTIONS

12              BY THE HONORABLE DENISE J. CASPER

13                 UNITED STATES DISTRICT COURT

14              JOHN J. MOAKLEY U.S. COURTHOUSE

15                     1 COURTHOUSE WAY

16                    BOSTON, MA  02210

17

18

19

20
                      DEBRA M. JOYCE, RMR, CRR
21                     Official Court Reporter
                   John J. Moakley U.S. Courthouse
22                 1 Courthouse Way, Room 5204
                         Boston, MA  02210
23                       617-737-4410

24

25
```

```
 1   APPEARANCES:

 2   FOR THE GOVERNMENT:

 3   KENNETH G. SHINE, ESQ.
     ROBERT E. RICHARDSON, ESQ.
 4   United States Attorney's Office
     Suite 9200
 5   1 Courthouse Way
     Boston, MA 02210
 6   617-748-3686

 7   FOR THE DEFENDANT:

 8   MICHAEL C. ANDREWS, ESQ.
     Law Offices of Michael C. Andrews
 9   1 Commercial Wharf West
     Boston, MA 02110
10   617-951-0072

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

(The following proceedings were held in open court before the Honorable Denise J. Casper, United States District Judge, United States District Court, District of Massachusetts, at the John J. Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, on May 10, 2013.

The defendant, Ronald E. Brown, is present with counsel.  The Assistant U.S. Attorneys are present.)

\*    \*    \*    \*    \*    \*

THE COURT:  Jurors, we now come to the final part of the case before you get this case for your deliberation, which is my final charge and my instructions of law to you.

It is your duty to find the facts from all of the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  That means you must decide the case solely on the evidence before you and according to the law.

In following my instructions, you must follow all of them and not single out some and ignore others.  They are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return.  That is a matter entirely for you to decide.

1          I have organized these instructions into three parts.

2     First, general instructions; second, instructions as to the

3     charges in this case; and third, instructions that will govern

4     the conduct of your deliberations.

5          Every person accused of a crime is presumed innocent

6     unless and until his or her guilt is established beyond a

7     reasonable doubt.  The presumption is not a mere formality.  It

8     is a matter of the most important substance.

9          The presumption of innocence alone may be sufficient

10:15 10    to raise a reasonable doubt and to require the acquittal of a

11    the defendant.  The defendant before you, Mr. Brown, has the

12    benefit of that presumption throughout the trial, and you are

13    not to convict him of a particular charge unless you are

14    persuaded of his guilt of that charge beyond a reasonable

15    doubt.

16          The presumption of innocence until proven guilty means

17    that the burden of proof is always on the government to satisfy

18    you that the defendant is guilty of the crime with which he is

19    charged beyond a reasonable doubt.  The law does not require

10:16 20    that the government prove guilt beyond all possible doubt.

21    Proof beyond a reasonable doubt is sufficient to convict.  This

22    burden never shifts to the defendant.  It is always the

23    government's burden to prove each of the elements of the crime

24    charged beyond a reasonable doubt by the evidence and the

25    reasonable inferences to be drawn from that evidence.  The law

does not require a defendant to prove his innocence or to produce any evidence.  Mr. Brown has the right to rely upon the failure or the inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of the crimes charged, it is your duty to acquit him of that crime.  On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of the crime charged, you should vote to convict him.

The defendant, Mr. Brown, has a constitutional right not to testify, and no inference of guilt or of anything else may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong. Indeed, it would be a violation of your oath as a juror.

Again, it's the government's burden to prove beyond a reasonable doubt each of the elements of the charges.  The defendant, Mr. Brown, need not prove his innocence.

The evidence from which you are to decide the facts in this case consist of the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

A "stipulation" means simply that the government and defendant accept the truth of a particular proposition or fact.  Since there's no disagreement, there's no need for evidence apart from that stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in this case, you are not limited in considering that evidence to the plain statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from the facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.  Any inference you draw must be reasonable and based on the facts as you find them.  Inferences may not be based on speculation or conjecture.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is evidence that directly addresses the truth of a fact, such as testimony from an eyewitness that a witness saw something.  Direct evidence can be a simple assertion by someone, for example, it's raining outside.  That is a statement of a fact observed.  If you thought that person who said that to you was truthful and had a

sufficient basis for knowing what the weather was like outside,
you could accept that statement as direct evidence that it's
raining outside.  Alternatively, if you doubted the reliability
of the statement, you could reject it.

Circumstantial evidence is indirect evidence; that is,
proof of a fact or facts from which you can draw the inference
by reason and common sense that another fact exists, even
though it has not been proven directly.  To illustrate an
example of circumstantial evidence, let's return to the prior
example regarding the weather outside.  Suppose that instead of
having someone report to you about the weather conditions,
someone came in from outside wearing a wet raincoat and shaking
water off an umbrella.  Without any words being spoken, that
is, without any direct statement or assertion being made, an
observer might conclude that it was raining outside.  The
observer would have some direct evidence to consider, the
observations of a wet raincoat and the dripping umbrella.
Thinking about those pieces of direct evidence might lead the
observer to draw a conclusion or an inference about an
unobserved fact: that it was raining.

You are entitled to consider both kinds of evidence.
The law permits you to give equal weight to both or to give
greater weight to one or the other.  It remains for you to
decide how much weight to give to any evidence.

Certain things are not evidence.  I will list them for

1  you.

2          Number one.  Arguments and statements by lawyers are

3  not evidence.  The lawyers are not witnesses.  What an attorney

4  might say in his opening statement, closing arguments, and at

5  other times is intended to help you interpret the evidence, but

6  it is not evidence.  If the facts as you remember them from the

7  evidence differ from the way the lawyers have stated them, your

8  memory of them controls.

9          Number two.  Questions by lawyers standing alone are

10  not evidence.  Again, the lawyers are not witnesses.  The

11  question and answer taken together are the evidence.

12          Three.  Objections by lawyers are not evidence.

13  Lawyers have a duty to their clients to object when they

14  believe a question is improper under the rules of evidence.  If

15  I sustain an objection, in other words, if I agreed with the

16  lawyer objecting, you must ignore the question or exhibit and

17  must not guess what the answer might have been or what the

18  exhibit might have contained.

19          Four.  Anything you may have seen or heard when court

20  was not in session is not evidence.  You are to decide the case

21  solely on the evidence received at trial.

22          Five.  The indictment is not evidence.  This case,

23  like most criminal cases, began with an indictment.  I'm

24  sending a copy of the indictment into the jury room with you to

25  have during your deliberations.  I caution you, as I have

before, that the fact that Mr. Brown has had an indictment

filed against him is no evidence whatsoever of his guilt.

Mr. Brown has pled not guilty in this case and denies the

charges in the indictment.  The indictment is simply an

accusation.  It is the means by which the allegations and the

charge of the government are brought before this Court.

Six.  Anything that I've excluded from evidence or

ordered stricken and instructed you to disregard is not

evidence.  You must not consider such items.

You must decide this case solely upon the evidence.

You must not be influenced by any personal likes or dislikes,

prejudice or sympathy.  You may also not consider or be

influenced by any possible punishment that may be imposed on

the defendant or any other possible consequences of a

conviction.

During this trial, you've heard evidence of acts that

the government alleges were committed by both this defendant,

Mr. Brown, and by an individual named Lynch Arthur.  It is up

to you to decide, based on all of the evidence in this case and

the instructions as I have given you, whether the government

has proven beyond a reasonable doubt that Mr. Brown is guilty

of the charged offenses.  In doing so, you should not speculate

about or consider in any way the status of Lynch Arthur.  The

only person on trial in this case is the defendant, Mr. Brown.

While you may, of course, consider all of the evidence in the

case, including acts that the government alleges were committed

by Lynch Arthur, in deciding, consistent with my instructions,

whether all of the evidence proves Mr. Brown's guilt beyond a

reasonable doubt, the current status of Lynch Arthur is not

relevant to that determination.

Your function is to weigh the evidence in the case and

to determine whether the government has proved Mr. Brown's

guilt beyond a reasonable doubt, solely upon the basis of the

evidence.  Your verdict must be based solely on the evidence

and the law as I've given it to you in these instructions.

Whether the government has sustained its burden of

proof does not depend upon the number of witnesses it has

called or the number of exhibits it has offered, but instead

upon the nature and quality of the evidence presented.  You do

not have to accept the testimony of any witness if you find the

witness not credible.  You must decide which witnesses to

believe and which facts are true.  To do this, you must look at

all the evidence, drawing upon your common sense and personal

experience.  You may believe all of the testimony of a witness

or some of it or none of it.  You alone are the judges of the

credibility of the witnesses.

Now, in deciding whether to believe a witness'

testimony, you may want to take into consideration such factors

as the witness' conduct and demeanor while testifying; any

apparent fairness or any bias they may have displayed; any

interest you discern that they may have in the outcome of the

case; any prejudice they may have shown; their opportunities

for seeing and knowing the things about which they have

testified; the reasonableness or unreasonableness of the events

that they have related to you in their testimony; and any other

facts or circumstances disclosed by the evidence that tend to

corroborate or contradict their version of the events.

The testimony of a witness may be discredited or

impeached by showing that he or she previously made statements

that are inconsistent with his or her present testimony.  If a

witness is shown to have given inconsistent statements

concerning any material matter, you have a right to distrust

that witness' testimony in other respects.  You may reject all

of the testimony of that witness or give it such credibility as

you may think it deserves.

Sometimes, of course, people make innocent mistakes,

particularly as to unimportant details; not every contradiction

or inconsistency is necessarily important.  Again, you alone

are the judges of the witness' credibility.

Some prior inconsistent statements may be used for

purposes other than impeachment.  If you find that a witness

has made inconsistent statements under oath on an earlier

occasion, such as in a prior proceeding, you may consider that

earlier statement for its truth or falsity the same as any

testimony at the trial.

1          You have heard testimony from several witnesses

2     offered as experts in this case regarding various matters in

3     this case, including the examination of latent fingerprints and

4     the absence of fingerprint evidence and DNA evidence.  An

5     expert witness has special knowledge or experience that allows

6     the witness to give an opinion.  You may accept or reject such

7     testimony.  In weighing an expert's testimony, you should

8     consider the factors that generally bear upon the credibility

9     of a witness, as well as the expert's qualifications, including

10:27 10    his or her education, experience, and training; the soundness

11    of the reasons given for the opinion; and all of the other

12    evidence in the case.  You may give the expert testimony

13    whatever weight, if any, you find it deserves in light of all

14    of the evidence in this case.  You should not, however, accept

15    a witness' testimony merely because he or she is an expert.

16    Remember that you alone decide how much of a witness' testimony

17    to believe and how much weight it should be given.

18          Part II.

19          I'm now going to instruct you on the nature of the

10:28 20    crimes charged in the indictment and the elements of the

21    offenses that the government must prove beyond a reasonable

22    doubt.

23          The defendant, Mr. Brown, is charged by the government

24    in three counts of violating federal law.  First, the

25    government charges that on October 31, 2011, Mr. Brown did

knowingly obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1).

Second, Mr. Brown is charged with using or carrying a firearm during and in relation to a crime of violence, alleged here to be a robbery, in violation of Title 18, United States Code, Section 924(c).

Third, Mr. Brown is charged with possessing a firearm in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year in violation of Title 18, United States Code, Section 922(g)(1).

I'll now address each of these charged offenses and the elements that the government must prove as to each of these alleged offenses.

In Count One, the government charges that Mr. Brown did knowingly obstruct, delay, and affect commerce by committing robbery in violation of Title 18, United States Code, Section 1951.  It is against federal law to obstruct, delay, or affect commerce by committing robbery.

For you to find Mr. Brown guilty of this crime, the government has to prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly and willfully

obtained money from MetroPCS; second, that he did so by means of robbery; and third, that the robbery affected commerce.

As used in these instructions, the word "knowingly" means that an act was done voluntarily and intentionally and not because of mistake or accident.  To act "willfully" means to act voluntarily and intentionally and with the specific intent that the underlying crime be committed; that is to say, with bad purpose, either to disobey or disregard the law, not to act by ignorance, accident, or mistake.

10:30    "Robbery" means unlawfully taking or obtaining of personal property, including money, from the person or in the presence of another, against his or her will by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his or her person or property, or property in his or her custody or possession.

For purposes of this charge, the term "commerce" means commerce between any point in a state and any point outside the state, including another state or a foreign country.  The government must prove that MetroPCS was engaged in commerce by

10:31 establishing that it sold goods that were manufactured outside Massachusetts, either in another state or in a foreign country, and/or by establishing that MetroPCS had customers from out of state or shipped goods that it sold out of state.  To prove an effect on commerce, the government need only prove beyond a reasonable doubt that there is a realistic probability that the

acts committed by the defendant had some slight or minimal

effect on commerce or that the assets of MetroPCS were depleted

and/or that the business of MetroPCS was interrupted because of

the robbery.  It is not necessary for you to find that the

defendant knew or intended that his actions would affect

commerce.

In Count One, the affecting commerce by robbery

charge, the government also charges Mr. Brown with aiding and

abetting another person in committing this crime.

To "aid and abet" means to intentionally help someone

else commit the charged crime.  To establish aiding and

abetting liability, the government must prove two things beyond

a reasonable doubt:

First, that someone else committed the charged

robbery; and second, that the defendant conscientiously shared

the other person's knowledge of the underlying crime, here

affecting commerce by robbery, intended to help him, and took

part in the endeavor seeking to make it succeed.

The defendant need not have performed the robbery

himself, been present when it was performed, or been aware of

the details of the execution to be guilty of aiding and

abetting.  But a general suspicion that an unlawful act may

occur or that something criminal is happening is not enough.

Mere presence at the scene of the robbery and knowledge that a

robbery is being committed are also not sufficient to establish

1    aiding or abetting.

2         Alternatively, a defendant may also be found guilty of

3    the charge charged in Count One if the government proves beyond

4    a reasonable doubt each of the following five elements:

5         First, that someone committed the robbery charged in

6    Count One; second, that the person you find actually committed

7    the robbery was a member of a conspiracy of which you find the

8    defendant, Mr. Brown, was also a member; third, that this

9    co-conspirator committed the robbery in furtherance of that

10:33 10   conspiracy; fourth, that the defendant, Mr. Brown, was a member

11   of this conspiracy at the time the robbery was committed and

12   had not withdrawn from it; and fifth, that the defendant could

13   reasonably have foreseen that his co-conspirator might commit

14   the robbery.

15        If you find all five of these elements to exist beyond

16   a reasonable doubt, then you may find the defendant, Mr. Brown,

17   guilty of the robbery, even though he did not personally

18   participate in all of the acts constituting the crime.

19        If, however, you are not satisfied as to the existence

10:34 20   of any of these five elements, then you may not find the

21   defendant guilty of the robbery unless the government proves

22   beyond a reasonable doubt that the defendant, Mr. Brown,

23   personally committed the robbery or aided and abetted its

24   commission.

25        Now, a conspiracy is an agreement or a combination of

two or more people to violate the law.  What this means is that
each conspirator acts not only for himself but also acts for
the other conspirators.  The gist of the offense is a
combination or agreement to disobey or disregard the law to
achieve the unlawful purpose.

An agreement can be spoken or unspoken.  A conspiracy
doesn't have to be a formal agreement or a plan in which
everyone sat down together and worked out all of the details.
In order for you to find that a conspiracy existed, you need
not find that the alleged members in the conspiracy met
together and entered into any express or formal agreement.
Similarly, you need not find that the alleged conspirators
stated in words or writing what their scheme was, its object or
purpose, or every precise detail of the scheme or the means by
which its object or purpose was to be accomplished.  The
government must prove beyond a reasonable doubt that those who
were involved shared a general understanding of the crime.

Since a conspiracy is by its very nature often secret,
neither the existence of the common agreement or scheme, nor
the fact of a defendant's participation in it, must be proved
by direct evidence.  Both may be inferred from circumstantial
evidence.  The common purpose or plan may be inferred from the
course of dealing between a defendant and another alleged
conspirator.  In this regard you may, in determining whether an
agreement existed herein, consider the actions and statements

of all of those you find to be participants as proof that a common design existed on the part of the person charged to act together for the accomplishment of an unlawful purpose.

The government must prove beyond a reasonable doubt that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try to accomplish that purpose.  That is, the evidence must show beyond a reasonable doubt that the defendant and at least one other person in some way or manner, through some means, came to a mutual understanding to try to accomplish the common unlawful purpose, and that they did so knowingly, wilfully, and intentionally.

Now, jurors, turning to Count Two, in Count Two, the government charges Mr. Brown with using and carrying a firearm during and in relation to a crime of violence in violation of 18 USC 924(c)(1)(A).  As to this charge, there are three elements that the government must prove beyond a reasonable doubt.

First, that the defendant committed the crime of affecting commerce by robbery or aided and abetted such crime described in Count One; second, that the defendant knowingly used or carried at least one of the firearms described in the indictment during and in relation to that robbery, or that the defendant knowingly possessed at least one of the firearms described in the indictment in furtherance of the robbery; and

third, that during the course of the robbery the defendant
intentionally brandished a firearm.

I previously instructed you in regards to Count One as
to the meaning of the term "knowingly." I instruct you that
that term has the same meaning with respect to this crime
alleged in Count Two.

The term "firearm" means the federal definition of
firearm; that is, any weapon, which will or is designed to or
may readily be converted to expel a projectile through the
action of an explosive, or the frame or receiver of any such
weapon. In this case, the parties have stipulated that both
firearms described in the indictment are firearms within the
meaning of the statute. You, thus, must take those facts as
proved.

I instructed you that the second element the
government must prove is either that the defendant knowingly
used or carried at least one of the firearms during and in
relation to the robbery or that the defendant knowingly
possessed at least one of the firearms in furtherance of the
robbery.

To "carry" a firearm means to move or transport the
firearm on one's person or in a vehicle or container. It need
not be immediately accessible. To "use" a firearm means to
employ the firearm actively, such as to brandish, display,
strike with, discharge or attempt to discharge it, or even to

refer to in a way calculated to affect the underlying crime.

For either use or carry to be "during and in relation" to a

crime, the firearm must have played a role in the crime or must

have been intended by the defendant to play a role in the

crime.  That need not have been its only purpose, however.

The second, alternative way for the government to

prove the second element is to prove beyond a reasonable doubt

that the defendant knowingly possessed at least one of the

firearms in furtherance of the robbery.  A defendant possesses

a firearm "in furtherance" of a crime if the firearm possession

made the commission of the underlying crime easier, safer, or

faster, or in any other way helped the defendant commit the

crime.  There must be some connection between the firearm and

the underlying crime, but the firearm need not have been

actively used during the crime.

The law recognizes two kinds of possession: actual

possession and constructive possession.  A person who knowingly

has direct, physical control over an object at a given time is

in actual possession of an object.  A person who physically

holds an object or knowingly has it on his person is in actual

possession of the object.

Even when a person who does not actively possess an

object, however, he may be in constructive possession of it.

Constructive possession exists when a person knowingly has the

power and the intention at a given time of exercising dominion

and control over an object, either directly or through others.
The law recognizes no distinction between actual and
constructive possession; either form of possession is
sufficient.

Possession of an object may be established by either
direct evidence or by circumstantial evidence.

The term "possession" also includes both sole
possession and joint possession.  If one person alone has
actual or constructive possession, possession is sole.  If two
or more persons share actual or constructive possession,
possession is joint.  The law recognizes no distinction between
sole and joint possession.

Possession is not necessarily the same as legal
ownership.  A person may be in possession of an item without
owning it.

The third element that the government must prove as to
Count Two beyond a reasonable doubt is that the defendant
intentionally brandished at least one of the firearms during
the robbery.  The term "brandish" means, with respect to a
firearm, to display all or part of the firearm or otherwise
make the presence of the firearm known to another person in
order to intimidate that person, regardless of whether the
firearm is directly visible to that person.

To prove the third element, the government must prove
that the defendant intentionally brandished a firearm during

the robbery.  Intent or knowledge may not ordinarily be proved

directly because there is no way of directly scrutinizing the

workings of the human mind.  In determining what the defendant

knew or intended at a particular time, you may consider any

statements made or acts done or admitted by the defendant and

all other facts and circumstances received in evidence that may

aid in your determination of a defendant's knowledge or intent.

You may infer, but you certainly are not required to infer,

that a person intends the natural or probable consequences of

acts knowingly done or knowingly omitted.  It is entirely up to

you, however, to decide what facts are proven by the evidence

received during this trial.

As to Count Two, the government alleges that the

defendant violated Title 18, United States Code 924(c) by using

or carrying during and in relation to the robbery, or

possessing in furtherance of the robbery, two firearms.  To

find the defendant guilty of Count Two, however, it is not

necessary that you find the defendant used or carried or

possessed both firearms.  It is sufficient if you find beyond a

reasonable doubt all of the elements of this offense with

respect to either one of the firearms described in the

indictment.

In providing you instructions for Count One, I

instructed you that an individual can sometimes be held liable

for the acts of others when that individual aids or abets

another in the commission of a crime or when that individual is

a member of a conspiracy and another member of the conspiracy

commits a crime in furtherance of that conspiracy.  I charge

you that those same instructions apply with respect to Count

Two with the following exception:

To find the defendant guilty of aiding and abetting a

violation of Section 924(c), in addition to proving the

elements of aiding and abetting, as I previously instructed

you, you must find that the government has proved beyond a

reasonable doubt that the defendant knew to a practical

certainty that a firearm would be used or carried during and in

relation to the underlying crime, or that the firearm would be

possessed in furtherance of the underlying crime.

By contrast, to find the defendant guilty of

committing a violation of 924(c) on a theory of conspiracy, the

government must prove all of the five elements of conspiracy

liability beyond a reasonable doubt as I previously instructed

you.  As to the final of those elements, the government need

prove beyond a reasonable doubt only that it was reasonably

foreseeable to the defendant that a firearm would be used or

carried during and in relation to the underlying crime or that

a firearm would be possessed in furtherance of the underlying

crime.

Turning to Count Three, jurors, in Count Three, the

defendant is charged with possessing a firearm or ammunition in

1    or affecting commerce after having been convicted of a crime

2    punishable by imprisonment for more than one year on or about

3    October 30, 2011.  It is against federal law for a convicted

4    felon to possess a firearm or ammunition that was connected

5    with interstate commerce.  For you to find Mr. Brown guilty of

6    this crime, you must be satisfied that the government has

7    proven each of the following things beyond a reasonable doubt:

8         First, that Mr. Brown has been convicted in any court

9    of a crime punishable by imprisonment for a term exceeding one

10:45 10   year.  The parties have stipulated that Mr. Brown has been

11   convicted of a crime which is punishable by imprisonment for a

12   term exceeding one year.  You are to take that fact as proven.

13        Second -- excuse me, I know a number of us are

14   recovering from colds, so I apologize.

15        The second element of this crime that the government

16   must prove beyond a reasonable doubt is that Mr. Brown

17   knowingly possessed the firearm or ammunition described in the

18   indictment.

19        And third, that the firearm or ammunition was

10:46 20   connected with interstate commerce.  This means that the

21   firearm or ammunition at any time after it was manufactured

22   moved from one state to another.  Thus, if the government

23   proves that the firearm or ammunition was previously in a state

24   other than Massachusetts and then possessed by the defendant in

25   Massachusetts, then this element has been satisfied.  The

travel need not have been connected to the charge in the indictment, it need not have been in furtherance of any unlawful activity, and need not have occurred while Mr. Brown possessed the firearm or ammunition.  In this case, the parties have stipulated that both firearms and the ammunition described in the indictment were manufactured outside of Massachusetts and traveled in interstate commerce prior to October 31, 2011. You, thus, must take those facts as proved.

The term "firearm" means the federal definition of firearm: any weapon which will or is designed or may readily be converted to expel a projectile by action of an explosive.  The term "firearm," as I said before, also includes the frame or receiver of any such weapon.  This definition of firearm includes handguns, rifles, and shotguns.  In this case, the parties have stipulated that both firearms described in the indictment are firearms within the meaning of the statute. You, thus, most take those facts as proved.

The term "ammunition" means the federal definition of ammunition: any ammunition or cartridge cases, shotgun shells, primers, bullets, or propellant powder designed for use in any firearm.  In this case, the parties have stipulated that the ammunition described in the indictment are ammunition within the meaning of the statute.  You, thus, must take those facts as proved.

The word "knowingly" means that the act was done

voluntarily and intentionally, not because of mistake or

accident.  The government must prove beyond a reasonable doubt

that the defendant knowingly possessed the firearm or

ammunition.  This does not mean that the government must show

that the defendant knew he was violating the law or intended to

violate the law by possessing a firearm or ammunition.  To

satisfy this requirement, the government must only prove beyond

a reasonable doubt that the defendant knew that he was

possessing a firearm or ammunition.

The term "possess" means to exercise authority,

dominion, or control over something.  It is not necessarily the

same, as I said before, as legal ownership.  The law recognizes

different kinds of possession.

Possession includes, as I said, both actual and

constructive possession.  A person who has direct, physical

control of something on or around his or her person is then in

actual possession of it.  A person who is not in actual

possession, but who has both the power and intention to

exercise control over something, is in constructive possession

of it.  Briefness of contact alone does not preclude a finding

of possession.

Duration of possession is not an element of the crime

charged.  In considering the issue of possession in this case,

it is not necessary for you to conclude that the defendant,

Mr. Brown, was in actual or constructive possession of the

firearm or ammunition for any specified period of time.  Even if the government has proven that a defendant possessed a firearm or ammunition for a short period of time, such possession may be sufficient if the government has proven beyond a reasonable doubt that the defendant knowingly possessed the firearm or ammunition.

You should note that the government is not obligated to prove that the defendant knowingly possessed both the firearm and ammunition.  Your verdict may be based on his possession of either one if the government proves that possession and all of the other elements of the crime that I'm describing to you beyond a reasonable doubt.  However, in order to convict, you must all agree that the defendant possessed either ammunition or a firearm or both; that is, if you the jury find all the other elements proved beyond a reasonable doubt, all 12 of you must agree on which of these items he possessed.

You heard that the parties have stipulated that Mr. Brown has been previously convicted of a crime.  The fact that the defendant was previously convicted of another crime does not mean that he committed the crimes for which he is now on trial.  You must not rely on that prior conviction as proof of all of the elements of the crimes charged in this case.

You will note when you see the indictment that the indictment charges that the offenses occurred on or about

October 31, 2011.  It does not matter if the indictment charges that specific acts occurred in or around a certain date and the evidence indicates, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

Jurors, the exhibits that have been admitted in evidence for your consideration will be given to you.  The numbers assigned to the exhibits are for convenience and to ensure an orderly procedure.  You should draw no inference from the fact that a particular exhibit was assigned a particular number or that there may be gaps in the number sequence.

As I mentioned to you at the beginning of the trial, you were permitted to take notes but some cautions apply.  You should bear in mind that not everything that is written down is necessarily what was said.  Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.  Notes are an aid to recollection, nothing more.  The fact that something is written down does not mean that it is necessarily accurate.

Jurors, you'll be happy to hear that I'm coming to the last part of my instructions to you.

I come now to the rules for your deliberation.  When you retire, you will discuss the case with the other jurors to

reach agreement if you can do so.  As your first order of

business, you should select a foreperson.  You shall permit

your foreperson to preside over your deliberations, and your

foreperson will speak for you here in court.  Your verdict as

to each count must be unanimous; that is, all of you must agree

on the verdict.

Each of you must decide the case for yourself, but you

should do so only after considering all of the evidence,

discussing it fully with the other jurors and listening to the

views of the other jurors.

Do not be afraid to change your opinion if you think

you were wrong, but do not come to a decision simply because

other jurors think it is right.

This case has taken time and effort to prepare and

try.  There is no reason to think it could be better tried or

that another jury is better qualified to decide it.  It is

important, therefore, that you reach a verdict if you can do so

conscientiously.  If it looks at some point as if you may have

difficulty in reaching a unanimous verdict and if the greater

number of you are agreed on a verdict, the jurors in both the

majority and the minority should reexamine their positions to

see whether they have given careful consideration and

sufficient weight to the evidence that has favorably impressed

the jurors who disagree with them.  You should not hesitate to

reconsider your views from time to time and to change them if

1    you are persuaded that that is appropriate.

2         It is important that you attempt to return a verdict,

3    but of course only if each of you can do so after having made

4    your own conscientious determination.  Do not surrender an

5    honest conviction as to the weight and effect of the evidence

6    simply to reach a verdict.

7         I want to read to you now from what is called the

8    verdict form.  This is simply the written notice of the

9    decision that you will reach in this case.  It's a one-page

10:54 10   sheet with the case caption and case number on it.  It says,

11   "Verdict, we the jury find the defendant, Ronald Brown," and

12   then it has a listing for Count One, Count Two, and Count

13   Three, and it lists a description of each of the charges for

14   each of those counts, and under each count there's a space for

15   either not guilty or guilty.  On the bottom there's a place for

16   the date and for the foreperson's signature.

17         After having reached unanimous agreement on a verdict,

18   your foreperson will fill in the form that I've just described

19   to you, sign and date it, and advise the jury officer outside

10:55 20   of your jury room door that you're ready to return to the

21   courtroom.  After you return to the courtroom, the foreperson

22   will deliver the completed verdict form as directed in open

23   court.

24         If it becomes necessary, jurors, during your

25   deliberations to communicate with me, you may send a question

through the jury officer, signed by your foreperson or by one
or more members of the jury.  No member of the jury should ever
attempt to communicate with me on anything concerning the case
except by signed writing, and I will communicate with any
member of the jury on anything concerning the case only in
writing or orally here in open court.

     If you send out a question, I'll consult with the
parties as promptly as possible before answering it, which may
take some time.  You may continue with your deliberations while
waiting for the answer to any question.  Remember, you are not
to tell anyone, including me, how the jury stands numerically
or otherwise until after you have reached a unanimous verdict
or have been discharged.

     Now, jurors, I need for a moment to consult with
counsel at sidebar.

     (At sidebar on the record.)

     MR. SHINE:  Just a really minor point.

     THE COURT:  Page?

     MR. SHINE:  On the original instructions I have, 22.
It's the elements of the felon in possession.

     THE COURT:  Okay.

     (Pause.)

     THE COURT:  Okay.  24.

     MR. RICHARDSON:  Page 24.

     MR. SHINE:  Yeah, it's the wrong date.

```
 1              THE COURT:  For the 31st?

 2              MR. SHINE:  You correct it down below.

 3              THE COURT:  I think I said it correctly, I don't know

 4    if I said --

 5              MR. RICHARDSON:  I think you said "30th."

 6              THE COURT:  Okay.  Do you want me to say something, or

 7    do you want to just correct it in the written submission?

 8              MR. SHINE:  Just correct it in the written submission,

 9    I think that's fair.

11:01 10         THE COURT:  We'll do that.

11              MR. RICHARDSON:  Your Honor, the only other thing I

12    had is back on page 13, the Court corrected it orally, but it's

13    in the second full paragraph there, the way it reads is that

14    the government --

15              THE COURT:  Yes, I read it correctly, "must prove."

16              I think it's right -- I can change that, I said it

17    correctly.

18              MR. RICHARDSON:  You did say it correctly.

19              THE COURT:  Mr. Andrews?

11:01 20         MR. ANDREWS:  Yes, your Honor.  I renew my objections

21    as far as the conspiracy instruction.

22              THE COURT:  Yes.

23              MR. ANDREWS:  That's on page 16 and 17.

24              THE COURT:  Understood.

25              MR. ANDREWS:  And I believe that you also have a
```

1    reference to it on page 23.

2          THE COURT:  Yes, as to both Counts One and Two.

3          MR. ANDREWS:  Exactly.

4          You know, just more thinking about it, I just find it

5    so confusing.  One of the facts in this case is that Mr. Brown

6    is seen walking down the street with Mr. Lynch Arthur

7    afterwards, and he notices -- the odd possibility, people could

8    think maybe he joined up with him afterwards, heard sirens,

9    knows something is going on.  Now, under those circumstances, I

11:01 10   just think it's not appropriate because there's so little

11    evidence that this was -- there's no evidence that this was

12    preplanned or that there's an association between the two of

13    them.

14          So --

15          THE COURT:  I understand the nature of your objection.

16   I think, given the thoroughness and clarity of the instructions

17   themselves, I'm not concerned about that risk, but your

18   objection is preserved.

19          MR. ANDREWS:  Thank you, your Honor.

11:01 20          This may not be of concern to the Court.  There's a

21   portion where you talk about the rendering a verdict.

22          THE COURT:  Yes, which is on --

23          MR. ANDREWS:  My brothers can give their opinion --

24          THE COURT:  33?

25          MR. ANDREWS:  I worry that someone comes to a verdict

```
 1    on one count and maybe did not want to be giving out -- I know

 2    we call the verdict form the single completed form, is it clear

 3    to the jurors that all the counts have to be decided before the

 4    verdict form is tendered?

 5              THE COURT:  I think that's --

 6              MR. ANDREWS:  If I'm the only one that seems possible

 7    confusion --

 8              THE COURT:  I think it's implicit in my instructions.

 9              MR. ANDREWS:  The way I heard it, I just thought --

11:01 10          THE COURT:  It might be my cold, counsel.

11              MR. ANDREWS:  Excuse me?

12              THE COURT:  It might be my cold.

13              Anything else?

14              MR. ANDREWS:  Well, the instructions -- I'll leave

15    humor off the record.

16              THE COURT:  Okay.

17              Counsel, just give me a moment.

18              (Discussion off the record.)

19              THE COURT:  There wasn't anything else, counsel?

11:01 20          MR. ANDREWS:  No, there wasn't.

21              THE COURT:  I'll give the last instruction.

22              (End of discussion at sidebar.)

23              THE COURT:  Members of the jury, again, thank you for

24    your patience and your attention throughout this matter.

25              It is now time for the case to be submitted to you.  I
```

1    will submit to you a written copy of the jury charge that I

2    read to you this morning for when you go to the jury room.  I

3    want to caution you, however, not to dwell on any particular

4    portion of it, if you decide to review it at all, because you

5    must consider these instructions as a whole and not just one

6    individual, particular instruction.

7           You may commence your deliberations.  All of you who

8    are on the jury must be together at all times when you're

9    deliberating.  Whenever you need a recess for any purpose, your

11:02 10   foreperson may declare a recess.

11          Do not discuss the case during a recess in your

12    deliberations.  All your discussion of the case should occur

13    only when you are all together and your foreperson has

14    indicated that deliberations may proceed.  This should be your

15    procedure so that everyone on the jury has equal opportunity to

16    participate and hear all of what other members of the jury have

17    to say.

18          You may go to the jury room and commence your

19    deliberations.

11:02 20         As I said before, in short order, the exhibits that

21    are were admitted in evidence will be sent back to you, and

22    you'll also receive, as I said, a copy of the indictment, that

23    is the written charge; a copy of the verdict form; and a copy

24    of my instructions to you.

25          Jurors, you may go and deliberate.  I do have to ask

1    Ms. MacKinnon to stay behind.

2            THE CLERK:  All rise.

3            (Jury left the courtroom.)

4                         *   *   *   *   *   *

5                  - - - - - - - - - - - -

6                    CERTIFICATION

7            I certify that the foregoing is a correct transcript

8    of the record of proceedings in the above-entitled matter to

9    the best of my skill and ability.

10

11

12

13   /s/Debra M. Joyce_____          August 26, 2013_____
     Debra M. Joyce, RMR, CRR          Date
14   Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25