UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA     | ) |                              |
|                              | ) |                              |
| v.                           | ) | Criminal No. 12-10025-DJC    |
|                              | ) |                              |
| RONALD BROWN,                | ) |                              |
|                              | ) |                              |
| Defendant.                   | ) |                              |

**MEMORANDUM AND ORDER**

CASPER, J.                                                                October 25, 2018

## I.    Introduction

Petitioner Ronald Brown ("Brown" or "Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition"), alleging several grounds for relief. D. 194 as amended by D. 198. The government opposes the Petition. D. 211. For the reasons discussed below, the Court DENIES the Petition.

## II.   Standard of Review

An incarcerated person may seek post-conviction relief under § 2255 if his sentence "(1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). It is Petitioner's burden to make out a claim for such relief. Id.

## III.  Factual and Procedural Background

On May 10, 2013, a jury returned a guilty verdict against Brown on all counts against him in the second superseding indictment, D. 102: Hobbs Act robbery in violation of 18 U.S.C. § 1951

1

(Count I); using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count II); and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count III). D. 118. On December 13, 2013, the Court sentenced Brown to 272 months in prison, a sentence consisting of 188 months as to Counts I and III (as a result of qualifying under the Armed Career Criminal Act, "ACCA," under 18 U.S.C. § 924(e), Brown was subject to a minimum mandatory sentence of 180 months on Count III) and 84 months as to Count II (Brown was subject to a consecutive, minimum mandatory sentence of 84 months under 18 U.S.C. § 924(c)(1)(A)(ii)) to run consecutively to the concurrent sentences on Counts I and II. D. 162. Brown filed a timely notice of appeal and the First Circuit affirmed the judgment on October 6, 2014. D. 163; D. 192. Brown has now filed the Petition, D. 194 as amended by D. 198, enumerating six[1] grounds for relief.[2]

## IV. Grounds for Relief

Brown asserts several grounds for relief claiming ineffective assistance of counsel (Grounds One through Three) and claiming that his conviction on the 924(c) charge, Count II, and his ACCA sentence on the 922(g)(1) charge, Count III, was improper (Grounds Five and Six). The Court will address each of these grounds in turn.

---

[1] Brown's Grounds, as amended, are numbered One through Six, D. 194, 198, but there is no Ground Four listed or asserted in the Petition, D. 194 at 9, and, therefore, the Court need not address it. For ease of reference, however, the Court maintains the original numbering of the remaining Grounds.

[2] Although the Court issued a stay for a time during the pendency of Beckles v. United States before the Supreme Court and solicited the parties' supplemental filings after that ruling, as Brown's supplemental filing makes clear, D. 210, the Beckles decision does not aid Brown's claims in the Petition and so the Court does not address it further here.

V.  Discussion

   A.  **Ineffective Assistance of Counsel Claims (Grounds One through Three)**

To demonstrate ineffective assistance of counsel, Petitioner must show that: "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) 'there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.'" United States v. Constant, 814 F.3d 570, 578 (1st Cir. 2016) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

Reasonableness is viewed "as of the time of counsel's conduct." Strickland, 466 U.S. at 690. Judicial scrutiny of a counsel's representation and performance must be "highly deferential" and the Court should make "every effort . . . to eliminate the distorting effects of hindsight." Bell v. Cone, 535 U.S. 685, 698 (2002) (internal quotation marks omitted). Moreover, even deficient representation does not violate the Sixth Amendment if there was no actual prejudice. See United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993).

To demonstrate prejudice, Petitioner must show "that there is a reasonable probability" that, but for the attorney's deficient performance, there would have been a different outcome. Strickland, 466 U.S. at 694. A "reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Johnston v. Mitchell, 871 F.3d 52, 64 (1st Cir. 2017), cert. denied, 138 S. Ct. 1310 (2018) (quoting González-Soberal v. United States, 224 F.3d 273, 278 (1st Cir. 2001)).

Here, Brown asserts three claims of alleged ineffective assistance of counsel. First, any failure to object to his conviction and mandatory minimum sentence of seven years on Count II, the 924(c) charge, was not deficient. Contrary to Brown's contention, there was no error under Alleyne v. United States, 570 U.S. 99, 116 (2013) that requires that "facts that increase mandatory minimum sentences must be submitted to the jury." Id. Here, the fact that increased the minimum

3

mandatory sentence to seven years was "if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A)(ii). This fact was alleged in the operative indictment, D. 102 at 3 (alleging as to Count II that Brown, in possessing the firearm during and in relation to a crime of violence "did brandish said firearms"), the Court instructed the jury that it must find that "the defendant intentionally brandished a firearm" as one of the requisite elements to find Brown guilty beyond a reasonable doubt of Count II), D. 184 at 69 (transcript of Trial Day 5), and the jury, so instructed, found Brown guilty of this crime. D. 118. Since there was no Alleyne error, it cannot be said that Brown's counsel was ineffective for raising an unfounded objection.

Second, counsel's conduct was also not deficient for failing to raise an objection under United States v. Indelicato, 97 F.3d 67 (1st Cir. 1996) (concluding that under 18 U.S.C. § 921(a)(20) that "civil rights, to the extent that they were never taken away, should be treated as 'restored' for purposes of the federal statute"). Even if Indelicato was still good law, which it is not, Logan v. United States, 552 U.S. 23, 37 (2007) (resolving a split among the Circuits by ruling that "the words 'civil rights restored" do not cover the case of an offender who lost no civil rights"), the exemption of certain convictions under § 921(a)(20), which in relevant part refers to "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less," § 921(a)(20), does not aid Brown as his predicate drug offenses were for felonies where the maximum penalty for these drug convictions under Mass. Gen. L. c. 94C, 32(a) (ten years in state prison) governs the analysis. United States v. Hudson, 823 F.3d 11, 14-15 (1st Cir. 2016) (citing United States v. Moore, 286 F.3d 47, 48-50 (1st Cir. 2002)).

Third, Brown's counsel was also not deficient for failing to press his argument on appeal that there was a speedy trial violation. On the eve of trial, Brown (who was otherwise represented by counsel) filed a motion to dismiss the operative indictment for an alleged statutory and

constitutional violation of his speedy trial right. D. 110. On the first day of trial, before empanelment, Brown's trial counsel, having reviewed the *pro se* filing, adopted it and argued it before the Court on his behalf, D. 180 at 4 (transcript of Trial Day One), advocating for Brown's position and responding to the Court's questions about the relevant case law and factual record. Id. at 4-16. Having heard those arguments and the government's response, the Court denied the motion. Id. at 23. Having reviewed the entries that had been made by the magistrate judge, D. 11, 12, and 25, see D. 109 at 4-7, the Court concluded that such were not "boilerplate," but explained why such continuances were in the interest of justice. The same was true with the time excluded after the district court's resolution of the motion to suppress on December 12, 2012 and setting the original trial date of March 18, 2013, D. 60, 67, where such entry adopted the reasons provided for same in the conference before the Court setting this trial date and the government's assented-to motion regarding same. D. 180 at 21; D. 65; D. 67. The Court, at these critical junctures, set forth its reasons on the record for these ends-of-justice continuances, Zedner v. United States, 547 U.S. 489, 507 (2006). Lastly, the continuance that the Court allowed of the original trial date in the wake of the filing of the first superseding indictment on March 12, 2013, D. 76, less than a week before the original March 18th trial date, also does not constitute a speedy trial violation where Brown sought such continuance and expressly noted that he had no objection, on speedy trial grounds or otherwise, to this continuance. 3/14/13 transcript at 4. For these reasons and those articulated by the Court when the issue was raised by Brown before trial, there was no statutory or constitutional speedy trial violation. Accordingly, Brown's counsel's conduct was not deficient in failing to press this issue on appeal.

Since none of the Grounds asserted by Brown show that his counsel's performance fell below an objective standard of reasonableness, he has not satisfied the first prong of Strickland

(and, thereby, could not satisfy the second prong of Strickland of showing prejudice from counsel's deficient performance) and his claims for ineffective assistance of counsel necessarily fail.

      **B.**     **Brown's 924(c) and 922(g) Convictions Shall Stand (Grounds Five and Six)**

Contrary to Brown's argument, Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II") does not warrant reversal of his conviction under Count II for use of a firearm in connection with a crime of violence (namely, his commission of Hobbs Act robbery charged in Count I). Although Johnson II held that the residual clause of the ACCA was unconstitutional, it did not hold that the force clause under the ACCA, 18 U.S.C. 924(e)(2)(B)(i), was also infirm. Post-Johnson II, the First Circuit has made that clear: "we therefore hold that because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause." United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018). Accordingly, here, where Brown's conviction for Hobbs Act robbery (Count I) was the underlying crime of violence proven as to the 924(c) charge in Count II, Brown's challenge to Count II as asserted in Ground Five of the Petition fails.

Similarly, Brown's invocation of Johnson II to challenge his ACCA predicates for his enhanced sentence under Count III (Ground Six) is misplaced. Each of Brown's predicates (and Brown had four, not merely the three required for ACCA) were for "serious drug offenses" as defined under 18 U.S.C. § 924(e), D. 211 at 13 (citing PSR ¶¶ 53-56). D. 162; D. 162-1 at 4. Such predicates were not affected by the ruling in Johnson II. United States v. Hairston, 4:04-cr-00008-1, 2018 WL 561861, at *2 (W.D. Va. January 25, 2018) (concluding that the "Johnson II decision did not disturb the ACCA's definition of 'serious drug offenses' and had no effect on the continued

6

viability of drug convictions to act as predicates"). Accordingly, Ground Six also does not entitle Brown to relief.

## VI. Certificate of Appealability

A petitioner may receive a certificate of appealability only if he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion. Id. Accordingly, the Court is not inclined to issue a certificate of appealability but will give Petitioner until November 15, 2018 to file a memorandum, not to exceed five pages, if he desires to address the issue of whether a certificate of appealability is warranted as to the Petition.

## VII. Conclusion

For the foregoing reasons, the Court DENIES Brown's habeas petition under 28 U.S.C. § 2255, D. 194, as amended by D. 198.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge